[S. F. No. 2132.   Department Two.—July 5, 1902.]

## P. F. DUNDON, Appellant, v. J. M. McDONALD et al., Respondents.

INSOLVENT BANK—SUIT BY DEPOSITOR AGAINST DIRECTORS—SALE OF
BONDS TO PRESIDENT — FINDING OF VALUE UNSUPPORTED — NEW
TRIAL.—In a suit in equity by a depositor in an insolvent bank for
alleged negligence and misconduct of its directors, causing losses to
the bank and benefits to themselves, and especially charging that
its president secretly and circuitously caused its bonds, of the
value of one hundred and fifty thousand dollars, to be sold to himself
for seventy-five thousand dollars,—where the judgment of the court
was based upon the alleged value of the bonds, and the president
was allowed the amount paid for them, with interest, the court had
discretion to grant a new trial for insufficiency of the evidence to
sustain a finding of the value alleged.

ID.—RIGHT TO AVOID SALE—DISCRETION AS TO DECREE.—Although the
right to avoid a secret sale of the property of a corporation by the
president to himself does not, as an abstract proposition, depend
upon the adequacy of the price, yet, when the general powers of a
court of equity are invoked against the consequences of such a
sale, the chancellor has a wide discretion as to the form and char-
acter of the decree which he will render, under the particular facts
of the case before him.

ID.—MATERIALITY OF VALUE OF BONDS.—The value of the bonds ac-
quired by the president of the bank was material and essential to
the rendition of a proper judgment against him, and also had an
important bearing upon the question whether the sale was ratified
by the bank, or whether he should be charged with actual or merely
constructive fraud.

ID.—APPEAL—SUPPORT OF ORDER GRANTING NEW TRIAL.—If an order
granting a new trial can be sustained on any ground on which the

motion was made, the order will be affirmed, and the respondent is not concluded by the particular ground stated or reason given in granting the motion.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

William T. Baggett, and Linforth & Whitaker, for Appellant.

Roger Johnson, for J. M. McDonald, Respondent.

Sawyer & Burnett, for Pacific Bank, Respondent.

Freeman & Bates, for Intervener, Sacramento Bank, Respondent.

McFARLAND, J.—Judgment was rendered in the court below for plaintiff; but afterwards, on motion of defendants, the court granted a new trial. From the order granting a new trial plaintiff appeals.

The motion for a new trial was made on all the statutory grounds. The case is one in equity, and the court made a large number of findings of fact. In the bill of exceptions there are many specifications of the insufficiency of the evidence to support various findings, and thirty-nine specifications of alleged errors of law committed during the trial. The order granting a new trial recites that the evidence was insufficient to support that part of finding XIV which finds that certain named bonds were of the value of one hundred and fifty thousand dollars, and that there was no evidence as to such value, but that the evidence was not insufficient to justify the other findings; and declares that "for the reason" that the evidence was insufficient to justify said finding as to the value of said bonds a new trial is ordered.

In the argument and briefs of appellant the discussion is confined entirely to the one ground for a new trial upon which the court below based its reason for granting the motion,—namely, the insufficiency of the evidence to justify the finding as to the value of the bonds; and the argument on this

point is, that a finding as to the value of the bonds was entirely immaterial, and that therefore the finding on that subject, even if unsupported by the evidence, was not a ground for a new trial. There is no attempt by appellant to show that the order could not be sustained upon any of the other numerous grounds stated in the motion for a new trial.

Respondent contends that he is not concluded by the particular ground stated, or reason given, by the trial court in granting the motion for a new trial, and that if the order can be sustained on any ground upon which the motion was made the order will be affirmed,—which is all, no doubt, true. But it is not necessary to consider his further position, that, under the circumstances of the case, the burden is on appellant to show that the order cannot be sustained upon any of the other grounds; because we cannot see that the finding of the value of the bonds was immaterial. The action was brought by plaintiff as a depositor of the Pacific Bank, which is averred to be insolvent, against the defendants as directors of said bank. In the complaint a great many facts connected with the management of the bank by defendants, as directors, are alleged, and they are charged with negligence and misconduct, by which money of the bank was lost, and benefits and profits accrued to them; and it is specially alleged that they allowed the defendant J. M. McDonald, who was president of the bank, and another person, who was cashier, to manage and control the affairs of the bank so as to willfully and fraudulently realize large profits to themselves which should have gone to the benefit of the depositors. The most important averments are that the bank owned one hundred and fifty bonds of the Los Angeles Consolidated Railway Company, of the par value of one thousand dollars each; that they were of the actual value of one hundred and fifty thousand dollars, and that McDonald, secretly and through circuitous methods, which are described, procured these bonds to be sold to himself for seventy-five thousand dollars. The prayer is for an accounting and for general equitable relief, and that all right acquired to said bonds by said action of McDonald be sold and a certain balance of the proceeds of the sale be adjudged to be the property of the bank.

The court found, among other things, that said bonds were of the actual value of one hundred and fifty thousand dollars;

and as it granted a new trial because that finding was erroneous, it is clear that the discretion which the court exercised when rendering judgment was based upon and controlled by the consideration that the bonds were of that value. The chancellor says, in effect, that his discretion would not have led him to render the judgment which he did render if he had not erroneously found the bonds to be worth so much more than the defendant paid for them. It is true, as contended by appellant, that the right to avoid a secret sale of property of a corporation by its president to himself does not, as an abstract proposition, depend upon the adequacy of the price; but when the general powers of a court of equity are invoked for a remedy against the consequences of such sale, the chancellor has a wide discretion as to the form and character of the decree which he will render under the particular facts of the case before him. We cannot say that, as a matter of law, the court in the case at bar in rendering its judgment should have exercised its discretion in the same way if the bonds had not been worth more, or as much, as McDonald paid for them. Indeed, as the judgment allowed him the amount which he paid for the bonds, with interest, it is difficult to see how it could have been rendered—or how any judgment could have been rendered against McDonald—in the absence of any proof or finding as to the value of the bonds. The value of these bonds had an important bearing upon other questions in the case,—as, for instance, whether the sale to McDonald was ratified by the corporation, or whether he should be charged with actual fraud or merely constructive fraud. These views render it unnecessary to notice other points made by respondent.

The order appealed from is affirmed.

Henshaw, J., and Temple, J., concurred.